UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

vs.                                        Case No. 8:16-cv-2420-T-27AEP

H&J INDUSTRIES, INC., et. al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Entry of Default Judgment - By the Court (Dkt. 54). Clerk's Defaults were entered against Ingrid Ovalles (I. Ovalles), H&J Industries, Inc., Air Rescue Air Conditioning, Inc. ("Air Rescue"), Wesley Ovalles (W. Ovalles), Pedro Ovalles (P. Ovalles), Nicalea Gonzalez, individually ("N. Gonzalez"), Blanca Munoz ("B. Munoz"), Edwin Munoz ("E. Munoz"), and Israel Lugo ("I. Lugo") (Dkts. 34, 35, 36, 37, 38, 48, 49, 50, 52).[1] The time for the Defendants to respond has passed and the Motion is deemed unopposed. Upon consideration the Motion (Dkt. 57) is GRANTED.

**Background**

Auto-Owners Insurance Company ("Auto-Owners"), an automobile insurance provider, brings this insurance coverage action seeking declaratory relief regarding its duty to defend or indemnify claims or suits arising out of an accident on August 14, 2015. (Dkt. 16 ¶ 1). Auto-Owners

---

[1] Nicalea Gonzalez, as the Legal Guardian of V.T., a minor, State Farm Mutual Automobile Insurance Company, Progressive American Insurance Company, and Amica Mutual Insurance Company were voluntarily dismissed. (Dkts. 53, 61). Nicalea Gonzalez, individually, remains a Defendant.

1

provided an insurance policy ("the policy") to H&J Industries Inc. applicable for the period February 12, 2015 through February 12, 2016. (*Id.* ¶ 19). I. Lugo was a scheduled driver on the policy. *Id.* ¶ 20. On August 14, 2015, I. Lugo was involved in an automobile accident while driving a van listed on the policy and owned by Air Rescue. (*Id.* ¶ 20). N. Gonzalez, V.T., B. Munoz, E. Munoz, I. Ovalles, P. Ovalles, and W. Ovalles were either drivers or passengers in three other vehicles involved in the accident. (*Id.* ¶ 21). A.G., N. Gonzalez's daughter, was also a passenger who sustained injuries.

Because the policy limit was likely insufficient to cover the potential liability of Auto-Owners' insureds in the accident and A.G.'s claim was the most significant because she sustained a catastrophic brain injury, Auto-Owners, with the consent of its insureds, tendered the entire policy limit of $1,000,000 to A.G.'s counsel. (*Id.* ¶¶ 27, 28). The settlement was judicially approved and finalized. (*Id.* ¶ 28). Auto-Owners adjusted the other claims and continues to provide a defense in the lawsuit brought by E. Munoz and B. Munoz. *See Munoz v. Air Rescue Air Conditioning, Inc.*, Case No. 15-CA-11481 (Fla. 13th Cir. Ct. Nov. 16, 2016). Because Auto-Owners paid the liability limits under the policy, it contends that it is no longer obligated to defend or indemnify liability claims arising from the accident on August 14, 2015.[2]

**Standard**

Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] The default, however, does not in itself warrant a default judgment. *Id.* "[T]he well-pleaded allegations in the

---

[2] Auto-Owners does not contend that it does not have a duty under the "Coverage Extensions" provided in the policy.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

complaint [must] actually state a substantive cause of action" and there must be "a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

"[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (citation omitted). Florida law permits courts to issue a declaratory judgment as to an insurer's duty to indemnify and defend. *Am. Home Assur. Co. v. Vreeland*, No. 8:05-CV-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing *see Higgins v. State Farm Fire and Casualty Company*, 894 So.2d 5 (Fla.2005)). And, "insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Anderson*, 756 So. 2d at 34.

**Discussion**

The policy's plain language provides that the agreement to settle or defend a claim ends when Auto-Owners has paid the limit of "our liability." (Dkt. 16-1 at 50). The limit of liability applies to all bodily injury and property damages arising from the accident on August 14, 2015. (*Id.* at 76). Because A.G. sustained a catastrophic brain injury in the accident, Auto-Owners paid its limit of the "Combined Liability" coverage for the claim of A.G. (Dkt. 16 ¶ 27; Hess Aff. ¶4, Dkt. 54). Accordingly, Auto-Owners' agreement to settle or defend suits arising from the accident on August 14, 2015 ended when the "Combined Liability" limit was paid for A.G.'s claim. Default judgment is therefore due to be entered in favor of Auto-Owners.

Accordingly,

1) The Motion for Entry of Default Judgment - by the Court (Dkt. 54) is **GRANTED**. Auto-Owners Insurance Company's duty to defend or indemnify claims or suits arising from the accident

3

on August 14, 2015 ended when the policy limit of $1,000,000 under "Combined Liability" was tendered to A.G.'s counsel for A.G.'s claim. This finding does not extend to any duty to defend or indemnify that arises under the "Coverage Extensions" section of the policy. (Dkt. 16-1 at 52-53).

2) The Clerk is directed to enter Default Final Judgment in favor of Auto-Owners Insurance Company and against Ingrid Ovalles, H&J Industries, Inc., Air Rescue Air Conditioning, Inc., Wesley Ovalles, Pedro Ovalles, Blanca Munoz, Edwin Munoz, Israel Lugo, and Nicalea Gonzalez, individually.

3) Auto-Owners Insurance Company waives any claim for costs of this action.

4) All pending motions are **DENIED** as moot.

5) The Clerk is directed to close this case.

**DONE AND ORDERED** this 25th day of January, 2017.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties